IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Wiley Y. Daniel**

Civil Action No.  05-cv-01356-WYD-OES

CURTIS GUIDRY,

    Plaintiff(s),

v.

UNITED STATES OF AMERICA; and
J&J MAINTENANCE, INC.,

    Defendant(s).

---

**ORDER**

---

    THIS MATTER is before the Court on Defendant J&J Maintenance, Inc.'s Motion to Dismiss, filed October 14, 2005 ("Motion").  The Motion to Dismiss was converted to a Motion for Summary Judgment by Order dated November 1, 2005.

    Plaintiff commenced this action on July 20, 2005, bringing claims under C.R.S. § 13-21-115 against the United States of American and J&J Maintenance, Inc. ("J&J") for injuries he sustained when he slipped on a sheet of ice on United States Air Force Academy property on March 22, 2003.  Plaintiff alleges that J&J was contracted by the United States Air Force to complete snow and ice removal at the subject property.

    In its Motion, J&J asserts that Plaintiff has missed the statute of limitations by approximately four months, and requests that Plaintiff's claims against J&J be dismissed with prejudice.  In Response, Plaintiff asserts that he did not and could not discover that J&J was potentially responsible for his injuries until June 20, 2005.

Exhibits attached to Plaintiff's Response to the Motion indicate that Plaintiff filed a Notice of Claim with the United States Air Force on August 26, 2003. The Air Force subsequently denied the claim. On June 13, 2005, Plaintiff requested reconsideration of the claim. In a letter to Plaintiff dated June 16, 2005, the Air Force refused to re-open Plaintiff's claim and stated "the Air Force Academy does not perform snow and ice removal at the Academy any more. J&J Maintenance, Inc of Austin Texas had the contract for removal of snow and ice in 2003. As they were employed to remove the snow and ice at the academy, we believe any negligence in the performance of those duties would be attributable to J&J, and not the US government." According to Plaintiff, prior to receipt of the June 16, 2005 letter, the Air Force never identified J&J as the party responsible for snow removal on the property.

Pursuant to rule 56(c) of the Federal Rules of Civil Procedure, the court may grant summary judgment where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and the ... moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); *see Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986); *Equal Employment Opportunity Comm. v. Horizon/CMS Healthcare Corp.*, 220 F.3d 1184, 1190 (10th Cir. 2000). "When applying this standard, [the court must] 'view the evidence and draw all reasonable inferences therefrom in the light most favorable to the party opposing summary judgment.'" *Atl. Richfield Co. v. Farm Credit Bank of Wichita*, 226 F.3d 1138, 1148 (10th Cir. 2000) (quotation omitted). "'Only disputes over facts that might affect the outcome of the suit under the governing law will properly

preclude the entry of summary judgment.'" *Id.* (quotation omitted).

Because this action is based on diversity jurisdiction, I apply Colorado law. *Lowell Staats Mining Co. v. Pioneer Uravan, Inc.*, 878 F.2d 1259, 1262 (10th Cir. 1989). Under Colorado law, negligence claims must commence "within two years after the cause of action accrues, and not thereafter . . . ." C.R.S. § 13-80-102(1)(a) (2005). "[A] clause of action for injury to a person . . . shall be considered to accrue on the date both the injury and its cause are known or should have been known by the exercise of reasonable diligence." C.R.S. § 13-80-108(1). Plaintiff does not dispute that a two-year statute of limitations applies to the claims brought in this case. However, Plaintiff contends that he had no way of ascertaining J&J potential involvement in the case until after he received the Air Force's June 16, 2005 letter. According to Plaintiff, when his cause of action accrued against J&J is a question of fact.

"Statutes of limitation are enacted to promote justice, discourage unnecessary delay, and forestall prosecution of stale claims." *Keller Cattle Co. v. Allison*, 55 P.3d 257, 261 (Colo. App. 2002). "Whether the statute of limitations bars a particular claim is usually a question of fact." *Keller Cattle*, 55 P.3d at 261. When a plaintiff discovered, or through the use of reasonable diligence should have discovered, the alleged negligent conduct is normally a question of fact which must be resolved by the trier of fact. *Morris v. Geer*, 720 P.2d 994, 997 (Colo. App. 1986) (citing *Mastro v. Brodie*, 682 P.2d 1162 (Colo. 1984); *City of Aurora v. Bechtel Corp.*, 599 F.2d 382 (10th Cir. 1979)). "However, where the undisputed facts clearly show that a plaintiff discovered, or reasonably should have discovered, the negligent conduct as of a

particular date, the issue may be decided as a matter of law." *Id.*

Generally, a plaintiff's lack of knowledge concerning the identity of the possible defendants does not toll the statute of limitations.  *See Tamblyn v. Mickey & Fox, Inc.*, 568 P.2d 491, 494 (Colo. App. 1977), *rev'd on other grounds*, 578 P.2d 641 (Colo. 1978) (holding that plaintiffs' lack of knowledge of the identity of defendants did not toll the statute of limitations because plaintiffs had two years from the time they were aware of their action for damages to conduct an investigation and determine on what theory they would proceed and against whom); *see also Kohler v. Germain Inv. Co.*, 934 P.2d 867, 869 (Colo. App. 1966).

Here, Plaintiff has demonstrated that he filed a claim with the United States Air Force shortly after his accident in August, 2003.  Based on the record before me, it appears that the Air Force never asserted that J&J or any other party might bear some responsibility for Plaintiff's accident until June 16, 2005.  Within days of receiving the June 16, 2005 letter, Plaintiff filed suit.  In its Reply in support of its Motion J&J asserts that Plaintiff did not exercise reasonable diligence with respect to J&J.  According to J&J, the record does not contain any evidence that Plaintiff did anything over the two year limitations period "other than file a claim and write a follow up letter."  However, viewing the evidence submitted and drawing all reasonable inferences therefrom in the light most favorable to Plaintiff, the non-moving party, I find that there are material facts in dispute concerning when Plaintiff reasonably should have discovered J&J's involvement.  Therefore, it is hereby

ORDERED that Defendant J & J Maintenance, Inc.'s Motion to Dismiss, filed

October 14, 2005, is **DENIED**.

Dated: April 25, 2006

BY THE COURT:

s/ Wiley Y. Daniel
Wiley Y. Daniel
U. S. District Judge